## Green *v.* Swift and others.

*(District Court, D. Massachusetts. January 6, 1882.)*

SEAMAN—WHALING VOYAGE—DISCHARGE AND SETTLEMENT WITH.

A seaman in the whaling service, when discharged during the voyage at his own request, is not disqualified from making a settlement of his wages, upon the payment of a sum fairly and intelligently agreed upon, when the amount to become due to him is uncertain and depends upon the future success of the voyage.

In Admiralty.

*W. C. Parker, Jr.*, for libelant.

*H. W. Swift*, for respondents.

NELSON, D. J. The libelant proceeds for his lay, as, successively, the third, second, and first mate of the bark Pacific, which sailed from New Bedford in December, 1876, on a five years' whaling voyage. In April, 1879, he was discharged at his own request, at Honolulu, after being out two years and four months, and received from the master an order on the owners in New Bedford to pay him, at the termination of the voyage, the amount which should then be due him. Returning to New Bedford, he made a settlement with the owners on the tenth of May, 1879. Their account against him for advances and articles furnished him on board the ship was $1,016.65. They paid him in addition to this the sum of $300, and took from him a release, under seal, discharging them from all further claims on account of the voyage. The shipping articles contained the usual clause, providing that if any officer or seaman shall be prevented by sickness or death from performing the entire voyage, he shall be entitled to such part of the whole amount of his stipulated share as the time of his service on board shall be of the whole term of the voyage; and it is the uniform usage to settle with seamen who are discharged by mutual consent during the voyage, in the same manner as is expressed in this clause, unless there is some express written agreement to the contrary. The voyage terminated in December, 1881, and proved to be unusually successful; and it now appears that his wages at the end of the voyage amounted to a much larger sum than he received. He now claims that the settlement was an unfair one, and asks to have it opened. The libelant, being absent on a whaling voyage, did not testify at the hearing. The only evidence in the case bearing upon the issue comes from Mr. Aiken, a witness called by the respondents, who was a clerk in their employment and acted for them

in the transaction. From his statement it appears that the settlement was made at the request of the libelant. After some negotiation he offered to take $300 and clear the ship and owners. This offer was accepted by the owners, and upon being paid that sum he signed the release. If any deception was practiced upon him, or any fact affecting the voyage was concealed from him or misrepresented, he ought not to be held to his settlement. But I am satisfied that this was not the case. The accounts of the ship were explained to him, and he was put in possession of every fact concerning the voyage which was known to the owners. The settlement was made voluntarily at his own request and for his benefit, and no undue advantage was taken of his necessities. A seaman in the whaling service, when discharged during the voyage at his own request, is not disqualified from making a settlement of his wages upon the payment of a sum fairly and intelligently agreed upon, when the amount to become due him is uncertain and depends upon the future success of the voyage. This voyage might have terminated unfortunately, and the owners have been the losers. The libelant ought not to be permitted to go back of his bargain merely because the voyage was successful. I see no reason to disturb the settlement.

Libel dismissed.